UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SCOTT HAMNER,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA SHERIFFS OFFICE MEDICAL STAFF,<br><br>Defendant. | Case No. 25-cv-04086-RFL (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff James Scott Hamner alleges that unnamed staff required him to take medication in a way contrary to the manufacturer's instructions and denied him permission to take the medication in a proper way.  His 42 U.S.C. § 1983 complaint containing these allegations is now before the Court for review pursuant to 28 U.S.C. §§ 1915 and 1915A(a).

The complaint will be dismissed with leave to amend.  Hamner fails to name defendants and provide specific facts regarding their actions.  Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **April 27, 2026**.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, a court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

1

seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Legal Claims**

Plaintiff Hamner alleges that while he was in custody at the West County Detention Facility he was required to take a medication (Buprenorphine) in a way contrary to the manufacturer's instructions, which resulted in "stomach issues" and aggravation of his breathing problems.  (Compl., Dkt. No. 18 at 2-3.)  He says that unnamed medical personnel denied him permission to take the medication in the proper way.  (*Id.* at 3.)  Hamner is now housed at North Kern State Prison.

Hamner's allegations fail to state any claim for relief because he fails to connect any specific person to any wrong.  In his amended complaint, plaintiff must allege specific facts tying a specific person to the exact wrong, and include such information as the defendants' names, when he asked them for permission, when and how such permission was denied, what specific persons required him to take the medication in an improper way.  "A person deprives another 'of a constitutional right,' within the meaning of section 1983, if he does an affirmative

2

act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation is individualized and focuses on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Defendants cannot be held liable for a constitutional violation under 42 U.S.C. § 1983 unless they were integral participants in the unlawful conduct. *Keates v. Koile*, 883 F.3d 1228, 1241 (9th Cir. 2018).

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **April 27, 2026**. The amended complaint must include the caption and civil case number used in this order (25-04086 RFL (PR)) and the words FIRST AMENDED COMPLAINT must appear on the first page. The amended complaint must also appear on this Court's form, a copy of which will be sent to him. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from any prior complaint by reference. Failure to file an amended complaint on or before April 27, 2026 will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) without further notice to Plaintiff.

**IT IS SO ORDERED.**

**Dated:** March 16, 2026

_____
RITA F. LIN
United States District Judge

3